Argued February 9, affirmed February 25, 1977

# TURNER et al, *Appellants,*
*v.*
# CLARK et ux, *Respondents.*
## (No. 30807, SC 24539)
560 P2d 624

Mark D. Donahue, Corvallis, argued the cause and filed the brief for appellants.

Dean M. Quick, Eugene, argued the cause for respondents. With him on the brief were Bicke & Monte, Eugene.

Before Denecke, Chief Justice, and Holman, Tongue, Howell, Lent, Linde and Bradshaw, Justices.

BRADSHAW, Justice Pro Tempore.

**BRADSHAW, J.,** Pro Tempore.

This is a suit in equity seeking foreclosure of a mortgage. The trial court sustained a demurrer to the complaint. The plaintiffs elected not to plead further and a decree was entered in favor of defendants. The plaintiffs appeal, assigning as error the trial court's sustaining defendants' demurrer to the complaint.

The complaint first alleges a promissory note executed by the defendants January 20, 1966, payable to Mr. and Mrs. Clemens. Paragraph II of the complaint alleges as follows:

> "At the same time and place that defendants executed the promissory note alleged above, defendants executed and delivered to plaintiffs for valuable consideration a certain mortgage on real property in Benton County, Oregon then owned by defendants, described in Exhibit A which is attached, marked Exhibit A, incorporated by reference and made a part hereof. The mortgage was given to secure the payment of the promissory note and to secure the performance of the obligations and covenants of the mortgagors contained in the mortgage. The mortgage was duly acknowledged in the manner required for recording and on January 25, 1966 was recorded in the official records of Benton County, Oregon. A true copy of the mortgage, attached hereto as Exhibit B, is by this reference incorporated herein.

The complaint alleges that the Clemenses endorsed the note and assigned the mortgage to the plaintiffs herein.

The mortgage document attached to and incorporated by reference in the complaint was not signed by either defendant. The document was a standard two-page printed form. The document bears an acknowledgment by a notary public which recites that the defendants on January ——, 1966, did appear and acknowledge to the notary public that they executed the mortgage document. On the first page of the document immediately following the printed clause ("This mortgage is intended to secure the payment of a promissory note, of which the following is a substan-

tial copy") is attached, by staple, a copy of the note previously alleged in the complaint. On page two of the document there is a form provided for execution or signing. There are no signatures or writing of any kind appearing in this form.

■ The defendants' demurrer set forth two grounds: first, that the complaint did not state facts sufficient to state a cause of action. Such a demurrer must be treated as a general demurrer for want of equity. Secondly, defendants' demurrer states that the action had not been commenced within the time limited by statute.

The plaintiffs' primary theory in claiming error is that a mortgage is not an interest in real property and therefore is not subject to the statute of frauds.[1] The defendants respond claiming that a mortgage is an interest in real property and subject to the statute of frauds. It is not necessary to consider that question in arriving at a decision in this case.

Plaintiffs in their complaint allege a mortgage executed by the defendants. Execution is defined in ORS 42.020 as follows:

> "The execution of a writing is the subscribing and delivering it, with or without affixing a seal."

■ A provision that a writing be subscribed requires that the signature of the party to be bound be affixed at the end of the writing. *Com. Credit Corp. v. Marden,* 155 Or 29, 62 P2d 573, 112 ALR 931 (1936), and *Atckison v. Triplett,* 244 Or 475, 419 P2d 4 (1966).

■ The plaintiffs' claim of execution in their complaint is entirely refuted by the inclusion of the mortgage document by reference. In deciding this case the court

---

[1] ORS 41.580 provides, in pertinent part:

"In the following cases the agreement is void unless it, or some note or memorandum thereof, expressing the consideration, is in writing and subscribed by the party to be charged * * *

"* * * * *

"(5) An agreement for the leasing for a longer period than one year, or for the sale of real property, or of any interest therein."

must consider the bare allegation that defendants executed and delivered the mortgage to be a nullity in light of the incorporation of the unsigned mortgage document in the complaint.

The purported acknowledgment adds nothing to the claim of execution. It is obviously a gross error and we can give it no significance. The mortgage document was not subscribed by the defendants and therefore not executed by the defendants.

Plaintiffs further claim that the attachment of a copy of the note to the mortgage document furnishes compliance with the requirement of subscription. Plaintiffs in their brief refer to the copy as a signed copy. The complaint does not allege the copy to be a signed copy, nor does the complaint allege the manner and by whom the copy was attached. The face of the complaint by reference to the incorporated mortgage document simply alleges in reference to the note attached "that it is a substantial copy." The attachment of a substantial copy of the note cannot constitute a subscribing of the mortgage document by the defendants.

The plaintiffs assert a further claim—that partial performance takes the matter out of the statute of frauds and since the complaint alleges payment of a single installment by defendants on April 20, 1966, the complaint states a ground for equitable relief. Partial payment may satisfy a claim to establish an equitable mortgage but the plaintiffs have not alleged any facts to establish an equitable mortgage, nor prayed for such.

The complaint fails to state facts sufficient to constitute grounds of equitable relief in the form of foreclosure of a mortgage. The trial court did not err in sustaining the demurrer nor in decreeing judgment for defendants, and therefore the decree of the trial court is affirmed.